# IN THE COURT OF APPEALS OF IOWA

No. 23-2103
Filed August 21, 2024

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MICHAEL JON RADTKE Jr.,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager,

Judge.

　　　Michael Radtke appeals his sentence for operating while intoxicated,

second offense. **AFFIRMED.**

　　　Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

　　　Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

　　　Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

While committing his fifth lifetime offense of operating a motor vehicle while intoxicated (OWI), Michael Radtke Jr. backed his vehicle into a marked law enforcement patrol car.  Radtke was charged with and pleaded guilty to OWI, second offense.  The district court sentenced Radtke to prison.  He appeals.[1]  He contends the district court abused its discretion in sending him to prison instead of imposing a jail sentence with a suspended term of incarceration with probation.

Radtke does not dispute that the sentence imposed is within statutory limits; as such, the sentence is presumptively valid and can only be vacated for an abuse of discretion or consideration of inappropriate matters.  *See Wilbourn*, 974 N.W.2d at 65 ("A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" (quoting *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020))).  Instead, he contends the district court abused its discretion by focusing solely on his criminal history without considering mitigating factors.

In deciding upon a sentence, the district "court must consider 'the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.'"  *State v. Gordon*, 998 N.W.2d 859, 862

---

[1] Iowa Code section 814.6(1)(a)(3) (2023) prohibits a defendant from appealing following a guilty plea to an offense other than a class "A" felony unless the "defendant establishes good cause."  Because Radtke appeals his sentence rather than the guilty plea itself, he has established good cause, and we have jurisdiction to hear his appeal.  *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022).

(Iowa 2023) (quoting *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002)). The district court did so here, giving this explanation for the sentence:

> Mr. Radtke, I've looked at a number of factors here. Obviously the first one is that you pled guilty to the charge; that you did have an open-ended plea agreement with the prosecutor's office. I've looked at the presentence investigation. I've looked at the nature of the offense—that does include an accident—as well as the evidence of intoxication. That included a number of open alcohol containers in the vehicle, your impairment, your test result. I've looked at, as I said, the presentence investigation report, which details a number of prior substance-abuse treatments, substance-abuse education classes, including an OWI victim impact class or classes. I've taken into account your family situation. And I've also taken into account your criminal history, which is atrocious, all right, when you're being sentenced for operating while intoxicated second offense and it's actually your fifth conviction—
>
> . . . .
>
> —for operating while intoxicated.
>
> You've been to jail. You've been on probation, both formal and informal. You've been in the OWI offender program. And here you are back again. It's extremely disappointing to see you back here like this on the same type of offense. [Your attorney] referred to it as—as a relapse. All right? And whatever it is, whether you call it a relapse or something else, it's—it's the fifth time you've been convicted of doing this same—what I consider extremely dangerous behavior. Dangerous to you, dangerous to property, dangerous to other vehicles on the road, and in this case the East Dubuque police officer with a squad car.
>
> When I weigh all of that out, I find that this isn't—you're not at the point where—at least in my view, you're not at a point where we're looking at some sort of minimal jail sentence, that we're looking at probation and informal probation. It doesn't appear to me that you really do get it. You're back again. Your last one wasn't that long ago. I understand your first ones were quite awhile ago. But, you know, you tell me you've learned your lesson and your record is showing that you haven't learned your lesson these past times.
>
> . . . .
>
> So you lose some credibility. All right?
>
> . . . .
>
> I have no doubt that you intend to stay out of trouble. But the fact is that you haven't, and you've been engaging in this dangerous behavior serially—
>
> . . . .
>
> —over a long period of time.

So the Code says I should look at all of my alternatives when I sentence someone and consider a sentence within those alternatives that maximizes the rehabilitation of the defendant and attempts to maximize the protection of the community. And I look back on all of the things that have been tried in the past with treatment and classes and probation and the OWI offender program. Those resources have already been tried and used.

To the extent Radtke claims the district court should have weighed the relevant factors differently, we reject the claim. Deciding how much weight to give individual sentencing factors is inherent in the discretionary nature of sentencing, and we do not interfere with the sentencing decision in the absence of abuse of that discretion. *State v. Hightower*, 8 N.W.3d 527, 543 (Iowa 2024). It is not our place to second guess the district court's decision or to substitute our judgment for that of the district court. *Id.* We find no abuse of the court's discretion in the way it weighed the relevant sentencing factors.

To the extent Radtke contends the district court relied only on his criminal history and failed to consider other factors, we reject his contention. As quoted above, while the district court understandably emphasized the many OWIs in Radtke's criminal history, it also noted Radtke's family situation, treatment history, and the presentence investigation report, which discussed his employment and treatment. The court "was not required to specifically acknowledge each mitigating factor" and "failing to acknowledge a particular factor does not mean it was not considered." *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023). The court considered multiple appropriate factors and did not improperly rely only on Radtke's criminal history.

Radtke suggests the court's recitation of the mitigating factors was simply boilerplate language and not an actual analysis of how they should affect his

sentence. But the reasoning the court provided adequately explained why the court arrived at the sentence imposed. Again, the court was not required to go into detail on every sentencing factor. *See id.* And the district court's explanation can be terse and succinct, so long as it does not prevent appellate review of the sentencing discretion. *State v. Wilson*, 5 N.W.3d 628, 634 (Iowa 2024). Here, the district court gave enough information to allow us to assess its exercise of discretion, and we find no abuse of that discretion.

Radtke also argues the district court abused its discretion by not giving Radtke more credit for the twenty-year gap between his third and fourth OWI convictions. But the record clearly shows the court did not ignore the gap when it stated, "[y]our last one wasn't that long ago. I understand your first ones were quite awhile ago. But, you know, you tell me you've learned your lesson and your record is showing that you haven't learned your lesson these past times." The district court had discretion to decide how much weight to place on the fact that this was Radtke's fifth OWI, committed only seven days after he finished probation for his fourth OWI, in comparison to how much weight to place on the fact that his first three OWIs occurred twenty or more years prior. We do not second-guess that decision and find no abuse of discretion in the way the court chose to balance those competing facts. *See Formaro*, 638 N.W.2d at 725*.*

Because the district court did not abuse its discretion in sentencing Radtke to prison instead of suspending a term of incarceration and putting him on probation, we affirm.

**AFFIRMED.**